UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DeSEAN J. OWENS,

Plaintiff,

-against-

ORANGE COUNTY JAIL,

Defendant.

7:22-CV-6754 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff DeSean J. Owens, who alleges that he is currently held, in the Orange County Jail ("OCJ"), as a convicted prisoner awaiting sentencing, brings this *pro se* action, asserting that his right to due process is being violated. He sues the OCJ and seeks damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law.

By order dated September 22, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the following reasons, the Court dismisses Plaintiff's claims against the OCJ, and directs the Clerk of Court to add as defendants in this action, under Rule 21 of the Federal Rules of Civil Procedure, the County of Orange, OCJ Captain Potter, and Orange County Sheriff Carl E. DuBois. The Court also directs service on the County of Orange, Captain Potter, and Sheriff DuBois.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.      Orange County Jail**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The OCJ is not a person for the purposes of liability under Section 1983. *See, e.g.*, *McGinnis v.*

*Orange Cnty. Jail*, No. 22-CV-3335, 2022 WL 1782519, at *1 (S.D.N.Y. June 1, 2022). Even the

Orange County Sheriff's Office, which operates the OCJ, is not a suable entity because, under

New York State law, municipal agencies or departments do not have the capacity to be sued. *See*

*Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In

New York, agencies of a municipality are not suable entities. The only proper defendant in a

lawsuit against an agency of a municipality is the municipality itself, not the agency through

which the municipality acted."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.

2002) ("Under New York law, departments which are merely administrative arms of a

municipality do not have a legal identity separate and apart from the municipality and cannot sue

or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in

this chapter, includes only a county, town, city and village."). The Court therefore dismisses

Plaintiff's claims against the OCJ.

**B.      The County of Orange, Captain Potter, and Sheriff DuBois**

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion,

"may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield*

*Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts

discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts

have added an individual as a defendant in an action, though that individual is not named as a

defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name the County of Orange, Captain Potter, or Sheriff DuBois as defendants. He does, however, mention the "Administration" of the OCJ in the list of defendants in the text of his complaint (ECF 1, at 3), and alleges that he wrote to Captain Potter and Sheriff DuBois about the alleged constitutional violations that he has been experiencing, but that they have not responded (*id.* at 5).

In light of Plaintiff's *pro se* status and these allegations, the Court understands Plaintiff's complaint as asserting claims against the County of Orange, which, via its agency, the Orange County Sheriff's Office, operates the OCJ. The Court also understands the complaint as asserting claims against Captain Potter and Sheriff DuBois. Accordingly, the Court directs the Clerk of Court to add as defendants in this action, under Rule 21 of the Federal Rules of Civil Procedure, the County of Orange, Captain Potter, and Sheriff DuBois. These amendments are without prejudice to any defenses the County of Orange, Captain Potter, or Sheriff DuBois may wish to assert.

## C.    Service on the County of Orange, Captain Potter, and Sheriff DuBois

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the County of Orange, Captain Potter, and Sheriff

DuBois through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each of those

defendants. The Clerk of Court is further instructed to issue summonses for the County of

Orange, Captain Potter, and Sheriff DuBois, and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon those defendants.

If the complaint is not served on the County of Orange, Captain Potter, and Sheriff

DuBois within 90 days after the date the summonses are issued, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the OCJ.

The Court also directs the Clerk of Court to add as defendants in this action, under Rule

21 of the Federal Rules of Civil Procedure, the County of Orange, Captain Potter, and Sherriff

DuBois.

The Court further directs the Clerk of Court to: (1) issue summonses for the County of

Orange, Captain Potter, and Sheriff DuBois; (2) complete USM-285 forms with the service

addresses of those defendants; and (3) deliver all documents necessary to effect service of summonses and the complaint on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     September 23, 2022
           White Plains, New York

_____
          CATHY SEIBEL
       United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  The County of Orange
    Orange County Attorney's Office
    255-275 Main Street
    Goshen, New York 10924

2.  Captain Potter
    Orange County Jail
    110 Wells Farm Road
    Goshen, New York 10924

3.  Carl E. DuBois
    Orange County Sheriff
    110 Wells Farm Road
    Goshen, New York 10924